**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2587
_____

THOMAS WARNER, Appellant

v.

SUN SHIP, LLC; SUNOCO, INC.

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 11-cv-07830)
District Judge:  Honorable Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2012
Before:  SMITH, CHAGARES and WEIS, Circuit Judges
(Opinion filed:  December 17, 2012)
_____

OPINION
_____

PER CURIAM.

     Thomas Warner, proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania dismissing his complaint.  For the

following reasons, we will affirm the District Court's order.

## I.

Between September 1972 and February 1974, Warner worked as a seaman for Sun Transport, Inc., during which time he allegedly earned approximately $500 per month in vacation wages. Warner voluntarily left employment with Sun Transport in 1974 without making a request for payment of his vacation wages. More than two decades later, in November 1997, Warner sent a letter to Sun Company, Inc., Sun Transport's successor, demanding payment of the unpaid vacation wages. Sun Company responded that it had no record of his employment with Sun Transport, and requested documentation verifying his employment during those years. Warner then provided Sun Company with documents from the Social Security Administration and the U.S. Coast Guard. Sun Company's successor, Sunoco, Inc., responded that this documentation was insufficient to validate his claim for unpaid wages. Approximately six and one-half years later, in September 2005, Warner contacted Sunoco again in an effort to provide additional documentation in support of his claim, but received no response. After another five years passed, Warner contacted Sunoco once more about the unpaid vacation wages. Sunoco informed him that the relevant employment records no longer existed.

On December 23, 2011, nearly two years after his last correspondence with Sunoco, and approximately thirty-seven years after his employment with Sun Transport, Warner filed a complaint in the District Court pursuant to the Seaman's Wage Act, 46 U.S.C. § 10313, seeking payment of the vacation wages he accrued during his

employment with Sun Transport.[1]  The defendants moved to dismiss the complaint on the ground that Warner's claim under the Seaman's Act was barred by the equitable doctrine of laches.  The District Court granted the defendants' motion and dismissed the complaint.  Warner appeals from the District Court's order.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review is plenary.  Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010); Waddell v. Small Tube Prods., Inc., 799 F.2d 69, 75 (3d Cir. 1986).  For substantially the reasons stated by the District Court in its thorough Memorandum Opinion, we will affirm. Because the Seaman's Wage Act does not contain a limitation period for a claim like Warner's, the District Court reasonably looked to the Pennsylvania Wage Payment and Collection Law's three-year statute of limitation, 43 Pa. Stat. Ann. § 260.9a(g), as an analogous limitation period.  See Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 135 (3d Cir. 2005).  The District Court correctly concluded that a presumption of laches arose as a result of Warner's failure to file his claim within that period, and that Warner failed to overcome the presumption by demonstrating that his delay in filing was excusable and did not prejudice the defendants.  See id. at 138-39.  As the District Court noted, even assuming that a portion of the delay was attributable to the

---

[1]  The District Court assumed, and the defendants did not dispute, that Warner's claim for vacation pay constitutes a claim for "wages" within the meaning of the Seaman's Wage Act, 46 U.S.C. § 10313(g).

3

defendants' conduct in responding to his requests, Warner did not make initial contact with the defendants until twenty-three years after his unpaid wages allegedly became due. Furthermore, the defendants clearly would be prejudiced by having to defend against a wage claim that is nearly four decades old, where neither the company that employed Warner, nor his employment records, still exist.

## III.

We have reviewed Warner's arguments and conclude that they are without merit. For these reasons, we will affirm the judgment of the District Court.[2]

---

[2] Warner's "Statement as to Need for Oral Argument and Request to Stay Consideration of Case Based on Briefs Alone" is denied.